1  **WO**

2

3

4

5

6            **IN THE UNITED STATES DISTRICT COURT**

7            **FOR THE DISTRICT OF ARIZONA**

8

9

10  Best Western International, Inc., a non-          )   No. CV-06-1537-PHX-DGC
    profit Arizona corporation                       )
11                                                    )   **ORDER**
                 Plaintiff,                           )
12                                                    )
    vs.                                               )
13                                                    )
    John Doe, et al.,                                 )
14                                                    )
                 Defendants.                          )
15  _____          )

16          Pending before the Court are H. James Dial's motion to dismiss and Plaintiff's motion

17  to amend the complaint.  Dkt. ##18, 22.  Also pending are Plaintiff's renewed motion to

18  conduct accelerated and expedited discovery and Dial's motion for reconsideration of the

19  Court's order granting Plaintiff's motion to file its renewed motion under seal.  Dkt. ##34-35.

20  For the reasons set forth below, the Court will grant the motion to amend in part, grant the

21  motion to dismiss in part, grant the renewed motion to conduct accelerated and expedited

22  discovery, and deny the motion for reconsideration.[1]

23  **I.      Background.**

24          Plaintiff Best Western International, Inc. has filed this action against various John Doe

25

26  _____

27          [1]The Court will deny the request for oral argument because the parties have submitted
    memoranda thoroughly discussing the law and evidence and the Court concludes that oral
28  argument will not aid its decisional process.  *See Mahon v. Credit Bur. of Placer County,
    Inc.*, 171 F.3d 1197, 1200 (9th Cir. 1999).

1   Defendants.  *See* Dkt. #3.  Plaintiff alleges that the Defendants have posted anonymous

2   messages on an Internet site that defame Plaintiff, breach contracts with Plaintiff, breach

3   fiduciary duties, reveal confidential information, infringe Plaintiff's trademarks, and

4   constitute unfair competition.  Because the Internet messages have been posted anonymously,

5   Plaintiff has been unable to identify the Doe Defendants.  *Id.*  H. James Dial has voluntarily

6   entered his appearance in this action and identified himself as one of the Doe Defendants

7   named in the complaint.  *See* Dkt. ##11 at 2.

8   **II.   Discussion.**

9         **A.      Dial's Motion to Dismiss and Plaintiff's Motion to Amend the Complaint.**

10               **1.       The   Trademark   Infringement,   Unfair   Competition,   and
                        Trademark Dilution Claims.**

11

12         Plaintiff's original complaint purports to allege claims for trademark infringement,

13   unfair competition, and trademark dilution under the Lanham Act and the common law.

14   Dkt. #3 ¶¶ 243-67, 280-84.  Dial contends that the complaint fails to properly state these

15   claims under the Lanham Act because there is no allegation that Defendants used Plaintiff's

16   marks in commerce or in connection with goods or services.  Dkt. #18 at 4-6 (citing 15

17   U.S.C. §§ 1114(a)(1), 1125; *Bosley Med. Inst., Inc. v. Kremer*, 403 F.3d 672 (9th Cir. 2005)).

18   Plaintiff moves to amend the complaint to add the allegation that Defendants' use of the

19   marks occurred "in commerce."  Dkt. #22 at 1 n. 1, Ex. A ¶¶ 257, 267).  Dial argues that this

20   proposed amendment is futile because Plaintiff still does not allege that Defendants have

21   used Plaintiff's marks in connection with goods or services, an essential element of all of

22   Plaintiff's Lanham Act claims.  Dkt. #31 at 2-6; *see* Dkt. #18 at 4-8.  Plaintiff counters that

23   the proposed amendment properly states claims under the Lanham act because even if

24   Defendants do not sell any goods or services, their alleged Internet activities have affected

25   Plaintiff's goods and services and are thus "in connection with commerce."  Dkt. #21 at 10-

26   11; *see* Dkt. ##22, 37.

27         The Lanham Act sections prohibiting trademark infringement and unfair competition

28   expressly require that the wrongful conduct occur in connection with goods or services.

15 U.S.C. §§ 1114(a), 1125(a)(1); *see Bosley Med. Inst.*, 403 F.3d at 676 (stating that the Lanham Act "is designed to protect consumers who have formed particular associations with a mark from buying a competing product using the same or substantially similar mark and to allow the mark holder to distinguish his product from that of his rivals"). Plaintiff does not allege in its original complaint or its proposed amended complaint that Defendants' Internet activities occurred in connection with any goods or services. The Court accordingly will grant Dial's motion to dismiss the trademark infringement and unfair competition claims under the Lanham Act and deny Plaintiff's motion to amend the complaint with respect to those claims. *See Hy Cite Corp. v. Badbusinessbureau.com, L.L.C.*, 418 F. Supp. 2d 1142, 1151-53 (D. Ariz. 2005) (granting a motion to dismiss Lanham Act claims because the criticism of the plaintiff's business on the defendant's website was not an injury actionable under the Lanham Act since it did not divert sales of products or services from plaintiff to defendant) (citing *Bosley*, 403 F.3d at 679-80); *see also Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998) (stating that "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss"); *Associated Gen. Contractors of Cal. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983) (stating that in ruling on a motion to dismiss the district court may not assume that the plaintiff can prove facts different from those alleged in the complaint); *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991) ("A district court does not err in denying leave to amend where the amendment would be futile, . . . or where the amended complaint would be subject to dismissal.") (citations omitted); *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004) (same).

Dial argues in his motion to dismiss that Plaintiff's common law trademark infringement and unfair competition claims fail for the same reasons. Dkt. #18 at 5 nn.2-3 (citing *Inwood Labs. Inc. v. Ives Labs., Inc.*, 456 U.S. 844, 861 n.2 (1982) (White, J., concurring) ("[T]he purpose of the Lanham Act was to codify and unify the common law of unfair competition and trademark protection.")). Plaintiff does not address this argument in its response. *See* Dkt. #21. The Court agrees with Dial. *See Inwood Labs.*, 456 U.S. at 861 n.2; *Cleary v. News Corp.*, 30 F.3d 1255, 1262-63 (9th Cir. 1994) ("This Circuit has

1   consistently held that state common law claims of unfair competition . . . are 'substantially

2   congruent to claims made under the Lanham Act.") (citations omitted).   The Court

3   accordingly will grant the motion to dismiss with respect to Plaintiff's common law

4   trademark infringement and unfair competition claims.

5        Plaintiff's trademark dilution claim under the Lanham Act presents a closer question.

6   The Lanham Act section prohibiting trademark dilution does not explicitly require that the

7   trademark in question be used in connection with goods or services.  15 U.S.C. § 1125(c)(1)

8   (as amended by the Trademark Dilution Revision Act of 2006, PL No. 109-312, 120 Stat.

9   1730).  Rather, the section provides that the mark must be used "in commerce."  *Id.*  In

10   *Bosley*, however, the Ninth Circuit stated that the "use in commerce" language "is simply a

11   jurisdictional predicate to any law passed by Congress under the Commerce Clause."  403

12   F.3d at 677.  The court further stated that in determining whether the unauthorized use of a

13   trademark is actionable under the Lanham Act, courts should focus on whether the "use was

14   'in connection with  a sale of goods and services' rather than 'in commerce.'"  *Id.*  The court

15   held that if the defendant's use of the trademark "Bosley Medical" on his website was not

16   "in connection with a sale of goods and services," then the "use was 'noncommercial' and

17   did not violate the Lanham Act."  *Id.*; *see Avery Dennison Corp. v. Sumpton*, 189 F.3d 868,

18   881 (9th Cir. 1989) ("Commercial use under the [Lanham] Act requires the defendant to be

19   using the trademark as a trademark, capitalizing on its trademark status."); *see also* 15 U.S.C.

20   § 1125(c)(3) ("The following shall not be actionable as dilution by blurring or dilution by

21   tarnishment under this subsection: . . . (C) any noncommercial use of a mark.").

22       As explained above, Plaintiff does not contend that Defendants' alleged unauthorized

23   use of Plaintiff's trademarks was in connection with goods or services.  Nor does Plaintiff

24   allege that Defendants have earned revenue from their Internet activities or that the Internet

25   site directs visitors to any of Plaintiff's competitors.  *See id.* at 675.  The dangers the Lanham

26   Act was designed to address are not at issue in this case.  *Id.* at 679; *see Avery Dennison*

27   *Corp.*, 189 F.3d at 881; *Interstellar Starship Servs., Ltd. v. Epix, Inc.*, 304 F.3d 936, 946 (9th

28   Cir. 2002) (stating that the defendant's allegedly infringing website "had little to do with

commerce" where the defendant did not sell any goods or services on the website and could not otherwise financially capitalize on misdirected consumers); *see also Laparello v. Falwell*, 420 F.3d 309, 317 (4th Cir. 2005) (holding that the Lanham Act's "critical element – use of another firm's mark to capture the markholder's customers and profits – simply does not exist when the alleged infringer establishes a gripe site that criticizes the markholder") (citing *Interstellar Starship Servs.*, 304 F.3d at 946).   The Court accordingly will grant Dial's motion to dismiss and deny Plaintiff's motion to amend the complaint with respect to the trademark dilution claim.

Plaintiff contends that Defendants used Plaintiff's marks "in commerce" because the use competitively injured Plaintiff.   Dkt. #21 at 7 (citing *Nissan Motor Co. v. Nissan Computer Corp.*, 378 F.3d 1002 (9th Cir. 2004); *PETA, Inc. v. Doughney*, 263 F.3d 359 (4th Cir. 2001)).   But Plaintiff's reliance on *Nissan Motor* and *PETA* is misplaced.   In *Nissan Motor*, "commercial use was undisputed, as the core function of the defendant's website was to advertise his computer business."   *Bosley*, 403 F.3d at 677 (citing *Nissan*, 378 F.3d at 1006).   The theory in *PETA* that harm to a plaintiff's business constitutes use "in commerce" was explicitly rejected in both *Nissan Motor* and *Bosley*.   *Id.* at 679 ("To the extent that the *PETA* court held that the Lanham Act's commercial use requirement is satisfied because the defendant's use of the plaintiff's mark as the domain name may deter customers from reaching the plaintiff's site itself, we respectfully disagree with that rationale. . . .  The *PETA* approach would place most critical, otherwise protected consumer commentary under the restrictions of the Lanham Act.   Other courts have also rejected this theory as over-expansive."); *Nissan Motor*, 378 F.3d at 1016 ("Nissan Motor argues that disparaging remarks or links to websites with disparaging remarks at nissan.com is commercial because the comments have an effect on its own commerce.   However, we have never adopted an 'effect on commerce' test to determine whether speech is commercial and decline to do so here.") (citation omitted).

**2.**      **Plaintiff's Request to Name Dial and James Furber as Defendants.**

Plaintiff moves to amend the complaint to name Dial and James Furber as defendants.

1   Dkt. #22.  Plaintiff seeks to name Dial because he has "voluntarily come forth as a 'member

2   of at least one . . . of the categories of fictitious defendants named in [P]laintiff's

3   [c]omplaint.'"  *Id.* at 3 (quoting Dkt. #11 at 2).  Plaintiff alleges that Furber is one of the

4   administrators of the Internet site.  *Id.*

5          Dial does not dispute that he has voluntarily entered his appearance in this action and

6   identified himself as one of the Doe Defendants named in the original complaint.  *See* Dkt.

7   ##11 at 2, 31.  The Court accordingly will grant Plaintiff leave to amend the complaint to

8   formally name Dial as a defendant.  *See* Fed. R. Civ. P. 15(a); *Foman v. Davis*, 371 U.S. 178,

9   182 (1962) ("Rule 15(a) declares that leave to amend 'shall be freely given when justice so

10  requires'; this mandate is to be heeded.").

11         Furber contends that granting Plaintiff leave to amend the complaint to name him as

12  a defendant would be futile because the Court lacks personal jurisdiction over him.  Dkt. #31

13  at 2, 9-14.  Plaintiff argues that Furber has not met his burden of showing that the proposed

14  amendment would be futile because Plaintiff has adequately alleged that Furber purposely

15  directed tortious activities toward Plaintiff in Arizona.  Dkt. #8-11; *see DCD Programs, Ltd.*

16  *v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987) (stating that the party opposing amendment

17  bears the burden of showing prejudice or one of the other permissible reasons for denying

18  a motion to amend); *Richardson v. United States*, 841 F.2d 993, 999 (9th Cir. 1988) (stating

19  that leave to amend should be freely given unless opposing party makes "an affirmative

20  showing of either prejudice or bad faith").

21         Plaintiff is a corporation formed under the laws of the State of Arizona with its

22  principal place of business in Phoenix, Arizona.  Dkt. #22, Ex. A ¶¶ 9.  Plaintiff alleges that

23  Furber intentionally made defamatory statements on the Internet site and that such statements

24  have harmed Plaintiff in Arizona.  *Id.* ¶¶ 9, 241-49.  Plaintiff further alleges that Furber

25  tortiously interfered with Plaintiff's valid business relationships and expectancies.  *Id.* ¶¶

26  276-86.

27         Accepting Plaintiff's allegations as true, as the Court must at this stage of the

28  litigation, the Court cannot conclude that the proposed amendment is futile.  *See Miller v.*

1  *Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988) ("[A] proposed amendment is futile

2  only if no set of facts can be proved under the amendment to the pleadings that would

3  constitute a valid and sufficient claim or defense."); *Ziegler v. Indian River County*, 64 F.3d

4  470, 473 (9th Cir. 1995) (In tort cases, . . . jurisdiction may attach if an out-of-forum

5  defendant merely engages in conduct aimed at, and having effect in, the situs state.");

6  *Governors of the Univ. of Alberta*, 873 F.2d 1257, 1259 (9th Cir. 1989) ("[Defendant] is

7  alleged to have committed intentional torts.  His communications were directed to Arizona,

8  even though he did not initiate the contact . . . .  [Defendant] knew the injury and harm

9  stemming from his communications would occur in Arizona, where Brainerd planned to live

10  and work.  Those contacts with the forum support personal jurisdiction over [defendant] in

11  Arizona.").  The Court will grant Plaintiff leave to amend the complaint to name Furber as

12  a defendant. [2]

13  **B.    Plaintiff's Renewed Motion to Conduct Expedited Discovery.**

14  Plaintiff seeks permission to serve subpoenas on various Internet Service Providers

15  ("ISPs") and others before an initial conference is held pursuant to Rule 26(f) of the Federal

16  Rules of Civil Procedure.  The subpoenas seek disclosure of the identities of the

17  administrators of the Internet site as well as individuals who have posted messages on the

18  site.  Plaintiff contends that such information is needed before the Doe Defendants can be

19  served with Plaintiff's complaint and can participate in a Rule 26(f) conference.  Alleging

20  that it is suffering irreparable injury as a result of comments posted on the website, Plaintiff

21  seeks expedited discovery.  *See* Dkt. ##5-6.

22  In its original motion, Plaintiff contended that it was entitled to conduct expedited

23  discovery based on its showing of "good cause."  Dkt. #5.  The Court denied the motion,

---

25  [2]Dial moves the Court to dismiss Plaintiff's state law claims if the Court dismisses the

26  Lanham Act claims that provided the basis for the Court's federal-question jurisdiction.  *See*

27  28 U.S.C. §§ 1331, 1367.  Plaintiff alleges in the amended complaint, however, that Dial and

Furber are residents of Indiana and that the amount in controversy exceeds $75,000.  The

28  Court thus has diversity jurisdiction over the remaining state-law claims under 28 U.S.C. §

1332.

1    concluding that Plaintiff must show a *prima facie* claim of actionable harm in order to

2    conduct discovery that implicates the First Amendment rights of the Doe Defendants.

3    Dkt. #19 (7/25/06 Order).  The Court permitted Plaintiff to file a renewed motion if it

4    believed it could satisfy the *prima facie* claim standard.  *Id.* at 8.  The Court required Plaintiff

5    to address in its renewed motion the issue of the Doe Defendants' expectation of privacy.

6    *Id.*

7                            **1.    The *Prima Facie* Claim Standard.**

8            As the Court explained in its July 25 order, before Plaintiff can obtain the identities

9    of the Doe Defendants through the compulsory discovery process, Plaintiff must support a

10   claim against Defendants with facts sufficient to defeat a summary judgment motion.

11   Dkt. #19 at 6 (citing *Doe v. Cahill*, 884 A.2d 451 (Del. 2005)).  This standard does not

12   require Plaintiff to prove a claim as a matter of undisputed fact, but instead to produce

13   evidence within its control sufficient to establish a *prima facie* claim.  *Id.*

14           Plaintiff argues in its renewed motion that it has presented evidence within its control

15   sufficient to create a genuine issue of material fact as to whether the Doe Defendants have

16   breached their agreements with Plaintiff and their covenants of good faith and fair dealing.

17   Dkt. #41 at 8-11; *see* Dkt. #3 ¶¶ 73-164.  To prevail on its breach of contract claims, Plaintiff

18   must prove the existence of contracts between Plaintiff and Defendants, breaches of those

19   contracts by Defendants, and resulting damage to Plaintiff.  *See Coleman v. Watts*, 87 F.

20   Supp. 2d 944, 955 (D. Ariz. 1998) (citing *Clark v. Compania Ganadera de Cananea, S.A.*,

21   387 P.2d 235, 237 (Ariz. 1963)); *Commercial Cornice & Millwork, Inc. v. Camel Constr.

22   Servs. Corp.*, 739 P.2d 1351, 1355 (Ariz. Ct. App. 1987) ("To state a claim in contract the

23   complaint must allege an agreement, the right to seek relief, and breach by the defendant.").

24   To prevail on its claims for breach of the covenant of good faith and fair dealing, Plaintiff

25   must prove that Defendants acted in a way that impaired the reasonably expected benefits of

26   the parties' contract.  *See Rawlings v. Apodaca*, 726 P.2d 565, 570 (Ariz. 1986).

27           Plaintiff's Membership Agreement grants Best Western members a non-exclusive

28   license to use Plaintiff's trademarks only in connection with the members' hotels.  Dkt. #3,

Ex. A ¶ 20.  Plaintiff has presented evidence that the Member Defendants used Plaintiff's marks on the Internet site in various contexts.  Dkt. #34 Ex.  D.  This evidence is sufficient to create a genuine issue as to whether such use was in connection with hotels.

Pursuant to Plaintiff's Policy and Procedure on Business Ethics, the Governor Defendants were required to keep confidential certain information regarding Plaintiff's business.  Dkt. #3, Exs. B § 200.3(I), C ¶ D.  Plaintiff has presented evidence sufficient to create a genuine issue as to whether the Governor Defendants improperly revealed Plaintiff's confidential information on the Internet site.  Dkt. #34 Ex. G.[3]

An award of damages for breach of contract may include compensation for lost profits, wasted promotional expenditures, and the destruction of goodwill.  *See A. R. A. Mfg. Co. v. Pierce*, 341 P.2d 928, 931 (Ariz. 1959).  Damage to a corporation's goodwill is difficult to calculate and may be irreparable.  *See Mitchell v. Mitchell*, 732 P.2d 208, 214 (Ariz. 1987) ("It is a difficult task at best to arrive at a value for the intangible component of a [corporation] attributable to goodwill.").  "Under Arizona law, 'once a protectable interest is established, irreparable injury is presumed to follow if the interest is not protected.'"  *Compass Bank v. Hartley*, 430 F. Supp. 2d 973, 983 (D. Ariz. 2006) (quoting *Phoenix Orthopedic Surgeons v. Peairs*, 790 P.2d 752, 757 (Ariz. Ct. App. 1989)).

Plaintiff claims that the messages posted on the Internet site in violation of the parties' agreements have injured Plaintiff's image, reputation, business, and business relationships.  Dkt. #34 at 16.  The Court concludes that the nature of some of the messages allegedly posted by Defendants on the Internet site is sufficient to create a genuine issue as to whether Plaintiff has been damaged by the messages.  Plaintiff has thus made a *prima facie* showing with respect to its claims for breach of contract and breach of the covenant of good faith and fair dealing.  *See Coleman*, 87 F. Supp. 2d at 955; *Rawlings*, 726 P.2d at 570.

### 2.      The Doe Defendants' Expectation of Privacy.

The First Amendment does not absolutely protect Defendants' identities from

---

[3]Plaintiff alleges that the Site Administrator Defendant is either a Best Western member or governor.  Dkt. #3 ¶ 13.

1    disclosure. *See UMG Recordings, Inc. v. Does I-IV*, No. 06-0652 SBA (EMC), 2006 WL

2    1343597, at *2 (N.D. Cal. Mar. 6, 2006) (citing *Sony Music Entm't, Inc. v. Does 1-40,* 326

3    F. Supp. 2d 556, 558 (S.D.N.Y. 2004)); *Cahill*, 884 A.2d at 455 ("'[I]t is well understood that

4    the right of free speech is not absolute at all times and under all circumstances.'") (citation

5    omitted).  Defendants may not use the First Amendment to improperly encroach upon the

6    valid contractual rights of Plaintiff.  *See Sony*, 326 F. Supp. 2d 563; *Cahill*, 884 A.2d at 456.

7    As discussed above, Plaintiff has established *prima facie* claims of breach of contract and

8    breach of the covenant of good faith and fair dealing against Defendants.

9          Moreover, Defendants have received notice of this action.  Several Internet messages

10    refer to the lawsuit, and a copy of Plaintiff's original complaint has been published on the

11    Internet site.  Dkt. #34 at 17, Ex. C.  In addition, Plaintiff has posted a copy of its renewed

12    motion on the site to allow Defendants an opportunity to oppose the motion.  *Id.*

13          In light of the *prima facie* showing made by Plaintiff, the Court concludes that

14    Plaintiff's right to obtain the identities of Defendants through the compulsory discovery

15    process outweighs Defendants' expectation of privacy in this case.  The Court will grant the

16    renewed motion to conduct accelerated and expedited discovery.

17          **C.**    **Dial's Motion for Reconsideration.**

18          On August 21, 2006, the Court issued an order granting Plaintiff's motion to seal its

19    renewed motion to conduct accelerated and expedited discovery.  Dkt. #33; *see* Dkt. #28.

20    Dial has filed a motion for reconsideration of that order.  Dkt. #35.  Plaintiff has filed a

21    response to Dial's motion.  Dkt. #44.

22          Dial argues that keeping Plaintiff's renewed motion under seal will prevent the Doe

23    Defendants from learning the basis of Plaintiff's claims against them and will violate their

24    First Amendment and due process rights.  Dkt. #35 at 2-4.  Plaintiff argues that Dial does not

25    have standing to assert the rights of the other Doe Defendants.  Dkt. #44 at 2-4.  The Court

26    agrees.

27          The only injury Dial addresses in his motion is an alleged injury to the Doe

28    Defendants.  Dial has not alleged that he personally has suffered or will suffer any injury

from the sealing of Plaintiff's renewed motion.  Nor can Dial make any such allegation since he has received a copy of the motion.  The Court will deny Dial's motion for reconsideration. *See Flast v. Cohen*, 392 U.S. 83, 99 n.20 (1968) ("[A] general standing limitation imposed by federal courts is that a litigant will ordinarily not be permitted to assert the rights of absent third parties.").

**IT IS ORDERED:**

1.    H. James Dial's motion to dismiss (Dkt. #18) is **granted in part** and **denied in part** as set forth in this order.

2.    Plaintiff's motion to amend the complaint (Dkt. #22) is **granted in part** and **denied in part** as set forth in this order.

3.    Plaintiff shall file an amended complaint consistent with this order by **November 10, 2006**.

4.    Plaintiff's renewed motion to conduct accelerated and expedited discovery (Dkt. #34) is **granted**.

5.    Dial's motion for reconsideration (Dkt. #35) is **denied**.

6.    Dial's motion for expedited ruling on the motion for reconsideration (Dkt. #36) is **granted**.

7.    Plaintiff's motion for leave to file exhibits under seal (Dkt. #38) is **granted**.

8.    Dial's motion to seal response to Plaintiff's renewed motion to conduct accelerated and expedited discovery (Dkt. #41) is **granted**.

9.    Plaintiff's motion for leave to file reply in support of renewed motion to conduct accelerated and expedited discovery (Dkt. #47) is **granted**.

DATED this 24th day of October, 2006.

_____
David G. Campbell
United States District Judge