**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Best Western International, Inc., a non-profit corporation,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>John Doe, an Internet website administrator; James Furber, an Internet website administrator; James Dial, an Internet website blogger and Member of Best Western International, Inc.; Jane Does 1-X, Internet website bloggers and Members of Best Western International, Inc.; and John Does 1-X, Internet website bloggers and Governors of Best Western International, Inc.,<br><br>　　　　　Defendants. | No. CV-06-1537-PHX-DGC<br><br>**ORDER** |

Plaintiff has filed a motion for leave to amend the complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure. Dkt. #133. A response and reply have been filed. Dkt. ##138, 141. The Court will grant the motion.

**I.   Background.**

Plaintiff filed this action against various Doe Defendants. Dkt. #1. Plaintiff claims that Defendants have posted anonymous messages on an Internet website that, among other things, defame Plaintiff, breach contracts with Plaintiff, reveal confidential information, and constitute unfair competition. Plaintiff named James Furber and James Dial as Defendants in an earlier amended complaint. Dkt. #53.

## II. Legal Standard.

Rule 15(a) declares that leave to amend a complaint "shall be freely given when justice so requires." The Supreme Court has instructed that "this mandate is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182 (1962). In deciding this motion, the Court "'must be guided by the underlying purpose of Rule 15 – to facilitate decision on the merits rather than on the pleadings or technicalities.'" *Eldridge v. Block*, 832 F.2d 1132, 1135 (9th Cir. 1987) (citation omitted). "Thus, 'Rule 15's policy of favoring amendments to pleadings should be applied with extreme liberality.'" *Id.* This liberality "is not dependent on whether the amendment will add causes of action or parties." *DCD Programs, LTD. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987).

The Court may deny a motion to amend if there is a showing of undue delay or bad faith on the part of the moving party, undue prejudice to the opposing party, or futility of the proposed amendment. *See Foman*, 371 U.S. at 182. Generally, however, "this determination should be performed with all inferences in favor of granting the motion." *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999).

## III. Analysis.

Plaintiff seeks to add as defendants Loren Unruh and his spouse, Gayle Unruh, and Teresa Furber and Nidrah Dial, the spouses of the named Defendants. Plaintiff asserts that adding the spouse defendants is necessary for complete relief – to obtain a judgment against both the separate and community property of Defendants James Furber, James Dial, and Loren Unruh. Dkt. ##133, 141.

Defendants contend that naming their spouses is futile because the Furbers and Dials live in Indiana and the Unruhs live in Kansas, none of which is a community property state. Defendants claim that the filing of this action did not convert their separate property into community property. Dkt. #138.

The parties agree that "the property rights of a husband and wife are governed by the law of the couple's matrimonial domicile *at the time of the acquisition of the property*." *Lorenz-Auxier Fin. Group, Inc. v. Bidewell*, 772 P.2d 41, 43 (Ariz. Ct. App. 1989) (emphasis

1  added); *see Stephen v. Stephen*, 284 P.2d 158, 159 (Ariz. 1930) ("When the parties acquire
2  property, it is to be presumed they do it in view of the law as it exists at the time and place,
3  and its character as community or separate estate is determined with its first acquisition.").
4  The Court cannot determine at this stage of the litigation whether Defendants have acquired
5  community property while residing in other states.[1] Nor can the Court determine from the
6  parties' briefs whether, under Indiana or Kansas law, any such community property would
7  be subject to a judgment against Defendants. *See Lorenz-Auxier*, 772 P.2d at 43 (stating that
8  "the question of funds available to creditors to satisfy the debts of a marital community or
9  to satisfy the separate debts of either spouse" is "resolved according to the laws of the
10 matrimonial domiciliary state").

11 Defendants' reliance on *Lorenz-Auxier* is misplaced. In *Lorenz-Auxier*, an Oregon
12 couple was sued for breaching a lease that the husband had entered into in Arizona. The trial
13 court applied Arizona community property law and granted summary judgment against the
14 defendants. The Arizona court of appeals reversed the judgment against the wife because
15 Oregon law protects a wife's separate property from being subject to the separate debt of the
16 husband. The court declined to address the relevant question here – whether any community
17 property existed and, if so, whether it was subject to a judgment against the husband. 772
18 P.2d at 45.

19 Defendants further contend the Court lacks personal jurisdiction over Mrs. Furber and
20 Mrs. Unruh. Dkt. #138 at 8-12. Defendants do not at this point dispute the Court's personal
21 jurisdiction over Mr. Furber and Mr. Unruh, and Plaintiff argues that the Court has
22 jurisdiction over their spouses because Messrs. Furber and Unruh are alleged to have acted
23 on behalf of their respective marital communities. Dkt. #141 at 5-7 (citing *Essex Eng'g Co.*
24 *v. Credit Vending, Inc.*, 732 F. Supp. 311, 313 (D. Conn. 1990) (asserting jurisdiction over
25 non-resident spouse where the marital community had minimum contacts with the forum
26 state); *C & J Travel, Inc. v. Shumway*, 775 P.2d 1097, 1100 (Ariz. Ct. App. 1989) (stating

---

28 [1] Plaintiff notes, for example, that Furber previously lived in Texas, a community property state. Dkt. #141 at 5 n.2.

1 that to take advantage of Arizona's community property laws a creditor must join both
2 spouses thereby giving the court "personal jurisdiction over the community")).  Defendants
3 say this argument lacks merit because the Furbers and the Unruhs reside in non-community
4 property states (Dkt. #138 at 11), but they cite no authority in support of this assertion. *See*
5 *id.* If the evidence ultimately shows that Defendants acquired community property at some
6 time in their marriages, there would appear to be a marital community on behalf of which
7 Defendants could act, potentially giving rise to jurisdiction over their spouses.

"[A] proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *DCD Programs*, 833 F.2d at 187; *see Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988).  At this point, Defendants have not  shown that no set of facts could be proven to establish the existence of community property and personal jurisdiction over the spouse defendants.  Therefore, consistent with the liberal amendment policy of Rule 15, the Court will grant the motion to amend.[2]

**IT IS ORDERED:**

1. Plaintiff's motion for leave to amend the complaint (Dkt. #133) is **granted**.
2. The Clerk shall file the lodged proposed amended complaint (Dkt. #134-2).

DATED this 21st day of August, 2007.

David G. Campbell
United States District Judge

---

[2] Plaintiff should note that the Court's local rules do not authorize the filing of briefs with reduced-size type in footnotes. All type in Plaintiff's future briefs, including footnotes, shall comply with LRCiv1(b)(1).

- 4 -