**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Best Western International, Inc., a non-profit Arizona corporation,<br><br>          Plaintiff,<br><br>vs.<br><br>James Furber, an Internet website administrator, andTeresa Furber; James and Nidrah Dial, Internet website bloggers and Members of Best Western International, Inc.; Loren Unruh, an Internet website blogger and Member of Best Western International, Inc., and Gayle Unruh,<br><br>          Defendants.<br><br>H. Jim Dial, an individual,<br><br>          Counterclaimant,<br><br>vs.<br><br>Best Western International, Inc., a non-profit Arizona corporation; Nils Kindgren; Larry McRae; Roman Jaworowicz; Bonnie McPeake; Charles Helm; Raymond Johnston; and Dave Francis,<br><br>          Counterdefendants. | No. CV-06-1537-PHX-DGC<br><br>**ORDER** |

Plaintiff Best Western International, Inc. ("BWI") requests the Court to designate as confidential portions of transcripts from the depositions of Nils Kindgren, David Francis, and Bonnie McPeake. Dkt. ##174, 184. Defendants oppose the request. Dkt. #181. The Court will grant the request in part and deny it in part.

**I.      Background.**

Plaintiff is an Arizona non-profit member corporation. Plaintiff's members own and operate hotels under the "Best Western" brand name. Plaintiff's Board of Directors ("Board") consists of seven individuals who are members of BWI.

Plaintiff filed this action against various John Doe Defendants. Dkt. #1. Plaintiff claims that Defendants have posted anonymous messages on an Internet website that, among other things, defame Plaintiff, breach contracts with Plaintiff, reveal confidential information, and constitute unfair competition. Plaintiff named James Furber and James Dial as Defendants in an amended complaint. Dkt. #53. Plaintiff named Teresa Furber, Nidrah Dial, and Loren and Gayle Unruh as Defendants in a second amended complaint. Dkt. #153-2. Plaintiff alleges that Furber and the Dials are responsible for the creation and operation of the website and that the Dials and Loren Unruh are members of BWI who have posted messages on the website. *Id.*

James Dial filed a counterclaim against Plaintiff and its directors, Nils Kindgren, Larry McRae, Roman Jaworowicz, Bonnie McPeake, Charles Helm, Raymond Johnston, and Dave Francis. Dial asserts claims for abuse of process, interference with contractual expectancy, breach of fiduciary duty, and aiding and abetting abuse of process. Dkt. #90.

Defendants deposed Kindgren, McPeake, and Francis in September 2007. The depositions included discussions about Plaintiff's business operations and the affairs of individual members. Plaintiff claims that this information should be protected as confidential. Dkt. #174. Plaintiff has submitted the alleged confidential portions of the deposition transcripts under seal. Dkt. ##180-2 to 180-4. Defendants argue that Plaintiff has not met its burden of showing that the information should remain sealed from public view. Dkt. #181.

## II. Legal Standards for Sealing Documents.

Two standards generally govern requests to seal documents. "First, a 'compelling reasons' standard applies to most judicial records." *Pintos v. Pac. Creditors Ass'n*, --- F.3d ---, Nos. 04-17485, 04-17558, 2007 WL 2743502, at *5 (9th Cir. Sept. 21, 2007) (citing *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006); *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135-36 (9th Cir. 2003)). "This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.' To limit this common law right of access, a party seeking to seal judicial records must show that 'compelling reasons supported by specific factual findings outweigh the general history of access and the public policies favoring disclosure.'" *Id.* (quoting *Kamakana*, 447 F.3d at 1178) (alteration and internal citations omitted).

The second standard applies to discovery materials. "'Private materials unearthed during discovery' are not part of the judicial record." *Id.* (quoting *Kamakana*, 447 F.3d at 1180) (alteration omitted). The "good cause" standard set forth in Rule 26(c) of the Federal Rules of Civil Procedure applies to this category of documents. *See id.* For good cause to exist under Rule 26(c), "the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted." *Phillips v. G.M. Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002). While the good cause standard presents a lower burden for the party seeking to seal documents than the compelling reasons standard, *see Pintos*, 2007 WL 2743502 at *5, "'[b]road allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test.'" *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (citation omitted). Rather, the party seeking protection must make a "particularized showing of good cause with respect to [each] individual document." *San Jose Mercury News, Inc.*, 187 F.3d 1096, 1102 (9th Cir. 1999)).

The good cause standard is not limited to raw discovery materials not made part of the judicial record. This standard also applies to documents attached to non-dispositive motions because those documents are often "'unrelated, or only tangentially related, to the underlying cause of action.'" *Phillips*, 307 F.3d at 1213 (citation omitted); *see Pintos*, 2007 WL

2743502 at *6. Documents attached to dispositive motions, by contrast, are governed by the compelling reasons standard. *See San Jose Mercury News*, 187 F.3d at 1102; *Foltz*, 331 F.3d at 1136. This higher standard applies because the resolution of a dispute on the merits "is at the heart of the interest in ensuring the 'public's understanding of the judicial process and of significant public events.'" *Kamakana*, 447 F.3d at 1179 (citation omitted).

**III.    Discussion.**

Because the deposition transcripts in question have not been made part of a dispositive motion, the Court will apply Rule 26(c)'s good cause standard to Plaintiff's request. Plaintiff claims that, at a minimum, good cause exists to protect three categories of information contained in the transcripts: information about Plaintiff's members, Plaintiff's proprietary business information, and Plaintiff's litigation strategy discussed by its Board in executive session. Dkt. #174 at 6-9. Plaintiff argues that good cause exists to protect this information because Plaintiff's "Confidentiality Policy" obligates Plaintiff and its directors, members, and employees to protect the confidentiality of Plaintiff's business information and the personal and business information of its members. Dkt. #174 at 3-4. Plaintiff cites nine documents in support of this argument: Plaintiff's Bylaws and Articles ("Bylaws"), the MyBestWestern.com terms of use, a director request for information form, an employee confidentiality agreement, a privacy policy, three employee handbooks, and a human resources business ethics policy. *Id.* at 3-4 & nn.1-6. But Plaintiff does not explain how any particular document renders the deposition transcripts confidential.

The Court has reviewed the transcripts and the documents cited in support of Plaintiff's confidentiality argument. The Court concludes that the portions of the transcripts relating to the Board's executive sessions should be treated by the parties as confidential pursuant to Article IV, Section 13 of the Bylaws. The remainder of the transcripts, however, do not satisfy the good cause standard.

The parties in this case are governed by Plaintiff's Bylaws. Members of BWI agree to be bound by the Bylaws. *See* Dkt. #174-6 at 5-10 (Arts. I-II). Article IV, Section 13 of the Bylaws, titled Conduct of Board Meetings, provides that executive sessions of the Board

are to be confidential:

> All meetings of the Board shall be open to any Member except that the Board may convene a closed executive session for the purpose of considering personnel matters, considering confidential issues dealing with specific members, receiving legal advice or for any other matter which, to avoid legal liability, may require confidential treatment.

Dkt. #174-6 at 14. This Bylaw provision constitutes good cause for keeping the portions of the transcripts relating to the Board's executive sessions under seal.

But the other Bylaw provisions and documents relied on by Plaintiff simply do not apply to the transcripts. The other Bylaw provisions address a director's right to obtain corporate records, the removal of a director by means of secret ballot, and the disclosure of annual budgets. *Id.* at 13-15 (Art. IV, §§ 10-11; Art. VI, § 6); *see also* Dkt. #174-8 (director request for information form). The MyBestWestern.com terms of use only restricts BWI members from disclosing information learned from the BWI intranet website to third parties. Dkt. #174-7. The privacy policy only applies to information concerning Plaintiff's customers. Dkt. #174-10. The rest of documents apply to Plaintiff's employees, not its members. Dkt. ##174-9, 174-11 to 174-13. In short, other than the Bylaw provision relating to executive sessions of the Board, Plaintiff has presented no evidence showing that its members are contractually obligated to keep information about Plaintiff and other members confidential.

Moreover, with respect to Plaintiff's business information contained in the transcripts, Plaintiff has not shown that it has maintained the information as confidential and that such status gives Plaintiff a competitive advantage. Plaintiff does not dispute that its members are permitted to own and operate competing brands of hotels. *See* Dkt. #181 at 7.

Plaintiff asserts that "much of the information" in the transcripts is defamatory, but does not identify any particular defamatory statement. *See* Dkt. #174 at 7.

**IV.    Conclusion.**

The Court will grant Plaintiff's request with respect to the portions of the deposition transcripts relating to the Board's executive sessions. The request is denied in all other respects. The following portions of the transcripts shall be treated by the parties as

confidential and, if filed with the Court, shall be filed under seal at least with respect to non-dispositive motions:

1. Nils Kindgren Deposition (Dkt. #180-2): 29:1–31:15, 38:2–39:20, 48:19-24, 54:5-25, 64:25–66:21, 69:18–70:9, 73:16–74:25, 75:5-15, 76:9-20, 77:5-16, 77:24–78:5, 78:8-11, 78:18–79:14, 79:18–80:21, 80:23–81:7, 81:15-16, 81:18–82:1, 128:2-16, 129:7-10.

2. David Francis Deposition (Dkt. #180-3):  44:6–45:5, 45:18–46:15, 46:18–48:2, 48:4-8, 48:10-16, 48:25–49:1, 50:10-14, 50:16–51:15, 54:10-18, 55:12–56:23, 56:24–57:1, 57:3-9, 57:11-14, 57:16, 58:8-11, 58:13, 58:22-24, 59:22–60:4, 60:23–61:1, 61:3-7, 61:9-13, 61:16–62:2, 62:5-6, 62:7-22, 62:25–63:7, 63:10-11, 63:14–64:8, 64:23-25, 65:2-8, 65:14-20, 65:23–66:1, 66:4, 66:7-12, 66:14–67:21,  67:23–68:11,  68:16-22,  68:24–69:11,  69:13-21,  69:23-24, 70:23–71:15, 72:7-10, 72:12-15, 96:7-17, 96:20-21, 127:23–128:10, 128:12-20, 128:22-24, 129:12-13, 129:15–130:13, 130:15, 149:2-4, 149:7-9, 149:11-15, 149:17.

3. Bonnie McPeake Deposition (Dkt. #180-4): 35:11-14, 36:5-7, 39:3-5, 39:14-20, 40:2-7, 41:11–42:7, 42:8-13, 43:15-22, 45:21-25, 46:3-11, 46:14, 47:2-4, 47:6-12, 47:14-20, 47:23–48:6, 48:9-18, 48:20-23, 49:2-21, 50:6-10, 51:7–52:8, 52:10-18, 52:21-24, 53:2-5, 53:7-23, 53:25–54:4, 54:12-15, 54:17-21, 54:23–55:5, 55:7-21, 55:24–56:1, 74:9–77:12, 77:14-17, 77:18-22, 77:24–78:1, 78:3-6, 78:8-17, 79:4-14.

**IT IS ORDERED:**

1. Plaintiff's request to designate as confidential portions of transcripts from the depositions of Nils Kindgren, David Francis, and Bonnie McPeake (Dkt. #174) is granted in part and denied in part as set forth in this order.

2. Plaintiff shall file with the Court the portions of the transcripts the Court has determined should not be treated as confidential by November 16, 2007. Defendants may use these portions of the transcripts as they would any public

1 | document. *See* 10/3/07 Order, Dkt. #172 at 2, ¶ 2.
2 | 3. Plaintiff's motion to seal exhibit 18 (Dkt. #176) is denied.
3 | 4. Plaintiff's motion for expedited ruling (Dkt. #177) is denied as moot.
4 | 5. Defendants' motion to seal exhibits 6-8 (Dkt. #183) is granted in part and denied in part. The motion is granted to the extent exhibits 6-8 include portions of the deposition transcripts the Court has determined should remain confidential. The motion is otherwise denied.
8 | 6. Defendants' motion for leave to file surreply (Dkt. #186) is denied.
9 | 7. Plaintiff's motion to file exhibits under seal (Dkt. #188) is denied.
10 | DATED this 2nd day of November, 2007.

*[signature]*

David G. Campbell
United States District Judge