1 **WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Best Western International, Inc., a non-profit Arizona corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>James Furber, an Internet website administrator, andTeresa Furber; James and Nidrah Dial, Internet website bloggers and Members of Best Western International, Inc.; Loren Unruh, an Internet website blogger and Member of Best Western International, Inc., and Gayle Unruh,<br><br>    Defendants.<br>_____<br>H. Jim Dial, an individual,<br><br>    Counterclaimant,<br><br>vs.<br><br>Best Western International, Inc., a non-profit Arizona corporation; Nils Kindgren; Larry McRae; Roman Jaworowicz; Bonnie McPeake; Charles Helm; Raymond Johnston; and Dave Francis,<br><br>    Counterdefendants.<br>_____ | No. CV-06-1537-PHX-DGC<br><br>**ORDER** |

The Court issued an order on November 2, 2007, granting in part and denying in part a request by Plaintiff to designate as confidential portions of certain deposition transcripts. Dkt. #199. On November 12, 2007, Plaintiff filed a motion for reconsideration of that order. Dkt. # 208. The Court will deny the motion.

The Court granted Plaintiff's request with respect to the portions of the transcripts relating to the executive sessions of Plaintiff's Board of Directors. The Court denied the request with respect to other information relating to Plaintiff's members because, with the exception of the Board's executive sessions, Plaintiff presented no evidence showing that its members are contractually obligated to keep information about Plaintiff and other members confidential. Dkt. #199 at 5. Plaintiff contends in the instant motion that its Request for Member Information form, and its Policy and Procedure regarding attendance by members at board meetings, show that its members are contractually obligated to keep such information confidential. Dkt. #208 (citing Dkt. ##208-2 & 208-3).

Motions for reconsideration are disfavored and are not the place for parties to make new arguments or ask the Court to rethink its analysis. *See N.W. Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 925-26 (9th Cir. 1988); *United States v. Rezzonico*, 32 F. Supp. 2d 1112, 1116 (D. Ariz. 1998). Courts in this District have identified four circumstances where a motion for reconsideration will be granted: (1) the moving party has discovered material differences in fact or law from those presented to the Court at the time of its initial decision, and the party could not previously have known of the factual or legal differences through the exercise of reasonable diligence; (2) material factual events have occurred since the Court's initial decision; (3) there has been a material change in the law since the Court's initial decision; or (4) the movant makes a convincing showing that the Court failed to consider material facts that were presented to the Court at the time of its initial decision. *See Motorola, Inc. v. J.B. Rodgers Mech. Contractors, Inc.*, 215 F.R.D. 581, 586 (D. Ariz. 2003).

Plaintiff does not satisfy these standards. Plaintiff did not present its Request for Member Information form, or its Policy and Procedure, in support of its initial request, and

- 2 -

1  Plaintiff does not argue that it could not have done so through the exercise of reasonable
2  diligence. Plaintiff's failure to submit these documents with its original request "does not
3  turn the late filed documents into 'newly discovered evidence.'" *Sch. Dist. No.*
4  *1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (citations
5  omitted). The Court will deny Plaintiff's motion.

**IT IS ORDERED:**

1. Plaintiff's motion for reconsideration of the Court's November 2, 2007 order (Dkt. #208) is **denied**.
2. Plaintiff's motion for expedited consideration (Dkt. #209) is **granted**.

DATED this 13th day of November, 2007.

_____
David G. Campbell
United States District Judge