**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Best Western International, Inc., a non-profit Arizona corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>James Furber, an Internet website administrator, and Teresa Furber; James and Nidrah Dial, Internet website bloggers and Members of Best Western International, Inc.; Loren Unruh, an Internet website blogger and Member of Best Western International, Inc., and Gayle Unruh,<br><br>    Defendants.<br><hr>H. Jim Dial, an individual,<br><br>    Counterclaimant,<br><br>vs.<br><br>Best Western International, Inc., a non-profit Arizona corporation; Nils Kindgren; Larry McRae; Roman Jaworowicz; Bonnie McPeake; Charles Helm; Raymond Johnston; and Dave Francis,<br><br>    Counterdefendants. | No. CV-06-1537-PHX-DGC<br><br>**ORDER** |

    Defendant and Counterclaimant H. Jim Dial has served a request for production of documents on Plaintiff Best Western International, Inc. ("BWI"). Dkt. #239-5. Plaintiff

1  seeks a protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure with
2  respect to purported confidential documents and information called for by the request.
3  Dkt. #239.  Defendants oppose the requested protective order.  Dkt. #242.

4  Rule 26(c) authorizes a district court to grant a protective order where "good cause"
5  is shown.  *See San Jose Mercury News, Inc. v. U.S. Dist. Ct.*, 187 F.3d 1096, 1103 (9th Cir.
6  1999).  For good cause to exist under Rule 26(c), "the party seeking protection bears the
7  burden of showing specific prejudice or harm will result if no protective order is granted."
8  *Phillips v. G.M. Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002).  "'Broad allegations of harm,
9  unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c)
10 test.'"  *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (citation
11 omitted).  Broad protective orders are equally suspect as they do not require a "particularized
12 showing of good cause with respect to [each] individual document."  *San Jose Mercury*
13 *News*, 187 F.3d at 1102.

14 Plaintiff has made no particularized showing in this case.  Plaintiff asserts that the
15 documents Dial seeks to discover contain BWI confidential information.  Dkt. #239 at 2.
16 Plaintiff cites request numbers 4-5, 7-10, 12-16, 19-25, 27-28, 30, 41 as objectionable, but
17 presents no argument or evidence with respect to any of these requests or with respect to any
18 specific documents called for by these requests.  Attached to Plaintiff's brief are declarations
19 of its chief financial officer and two of its vice presidents describing broad categories of
20 information maintained as confidential by Plaintiff.  Dkt. ##239-2, 239-3, 239-4.  Plaintiff's
21 memorandum merely states that its confidential information is identified in these declarations
22 (Dkt. #239 at 3), and asserts in a footnote that the declarations show that the documents Dial
23 seeks to discover are confidential (*id.* at 4 n.1).  But the declarations identify only broad
24 categories of information that BWI claims are confidential; the declarations do not address
25 any specific request or document.  *See* Dkt. ##239-2, 239-3, 239-4.

26 Similarly, the proposed protective order is broad and not tailored to Dial's specific
27 discovery requests.  It defines as confidential any information, document, or tangible thing
28 that a party designates as containing (1) information not generally known by or available to

1  BWI's members or the public, (2) proprietary business, commercial, and financial
2  information, (3) information discussed during BWI's executive sessions, (4) personnel
3  information, (5) legal and liability information, (6) member information, (7) information
4  protected by the right to privacy under any state or federal law, and (8) information
5  potentially damaging to the business or personal interests of a party. Dkt. #239-9 at 1-2.
6  Such a blanket protective order may not be entered under Rule 26(c). *See Foltz v. State Farm*
7  *Mut. Auto Ins. Co.*, 331 F.3d 1122, 1131 (9th Cir. 2003) (reversing district court's entry of
8  a blanket protective without requiring the party seeking protection "to show that *specific*
9  discovery documents . . . contained [confidential] information") (emphasis in original); *San*
10 *Jose Mercury News*, 187 F.3d at 1103 (holding that blanket protective orders entered under
11 Rule 26(c) "are inherently subject to challenge and modification, as the party resisting
12 disclosure generally has not made a particularized showing of good cause with respect to any
13 individual document").

14 Plaintiff previously demonstrated good cause to protect information relating to the
15 executive sessions of BWI's Board of Directors. *See* Dkt. ##174, 199. The Court
16 accordingly will grant Plaintiff's request for a protective order with respect to documents
17 subject to Dial's request for production of documents that relate to the Board's executive
18 sessions.

19 **IT IS ORDERED** that Plaintiff's request for a protective order (Dkt. # 239) is
20 **granted in part** and **denied in part** as set forth in this order. The parties shall jointly lodge
21 a proposed protective order consistent with this order.

22 DATED this 17th day of December, 2007.

David G. Campbell
United States District Judge