**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Best Western International, Inc., a non-profit Arizona corporation,<br><br>        Plaintiff,<br><br>vs.<br><br>James Furber, an Internet website administrator; James and Nidrah Dial, Internet website bloggers and Members of Best Western International, Inc.; Loren Unruh, an Internet website blogger and Member of Best Western International, Inc., and Gayle Unruh,<br><br>        Defendants.<br><br>H. James Dial, an individual,<br><br>        Counterclaimant,<br><br>vs.<br><br>Best Western International, Inc., a non-profit Arizona corporation; and Roman Jaworowicz,<br><br>        Counterdefendants. | No. CV-06-1537-PHX-DGC<br><br>**ORDER** |

Plaintiff Best Western International commenced this action more than two years ago in June 2006. Dkt. #100. Jonathan Riches has filed a pro se motion for leave to intervene as a defendant and file a counterclaim against Plaintiff. Dkt. #400. Mr. Riches' motion appears to be based on his unpleasant stays at Best Western hotels. He asserts that his hotel

1  rooms were filthy, that he received wake-up calls in the early morning hours, and that various
2  personal items, including his gold bullion and Greek mythology books, were stolen from his
3  rooms. *Id.*

4  Mr. Riches has not shown that he is entitled to intervene as a matter of right pursuant
5  to Rule 24(a) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 24(a)(1)-(2).

6  A court may grant permissive intervention under Rule 24(b) if the movant provides
7  an independent basis for jurisdiction, the motion is timely, and the applicant's claims or
8  defenses have a question of law or fact in common with the main action. *See* Fed. R. Civ.
9  P. 24(b)(1)(A); *Venegas v. Skaggs*, 867 F.2d 527, 529 (9th Cir. 1989). Mr. Riches' motion
10 satisfies none of these requirements. *See* Dkt. #400.

11 Moreover, even if the requirements were satisfied, permissive intervention is a matter
12 within the sound discretion of the district court. *See Venegas*, 867 F.2d at 530; *Kootenai*
13 *Tribe of Idaho v. Veneman*, 313 F.3d 1094, 1110-11 (9th Cir. 2002). "In exercising its
14 discretion, the court must consider whether the intervention will unduly delay or prejudice
15 the adjudication of the rights of the original parties." Fed. R. Civ. P. 24(b)(3); *see Kootenai*
16 *Tribe*, 313 F.3d at 1111 n.10. The Court concludes that permitting Mr. Riches to intervene
17 at this late stage of the litigation will unduly delay the proceedings and will prejudice
18 Plaintiff and the other parties.

19 **IT IS ORDERED** that Jonathan Riches' motion for leave to intervene as a defendant
20 and file a counterclaim (Dkt. #400) is **denied**.

21 DATED this 4th day of August, 2008.

David G. Campbell
United States District Judge