**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Best Western International, Inc., a non-profit corporation, <br><br> Plaintiff, <br><br> vs. <br><br> John Doe, et al., <br><br> Defendants. | No. CV-06-1537-PHX-DGC <br><br> **ORDER** |

On October 15, 2008, the parties inundated the Court with filings. For reasons explained below, all of the motions filed on October 15, 2008 (Dkt. ##426-428, 437-438, 440, 442-462, 465-467, 469-471) are denied. The parties shall file revised pretrial motions in accordance with this order.

Plaintiff brought this action because it believed various individuals were disparaging it and violating confidentiality obligations through Internet postings. After considerable litigation, the Court allowed Plaintiff to discover the identities of the individuals who had posted comments on the web. Thus commenced a bitter and expensive battle between competing factions within the Best Western business family. Just over two years later, this case has 475 docket entries. Many of these entries are the result of excessive litigation.

The Court does not permit parties to file discovery motions. Instead, the Court requires parties to place a telephone call to the Court if they are unable to resolve discovery disagreements. Most civil cases are litigated to a conclusion without a call being placed to

1 the Court. Where discovery is difficult, two or three calls may be necessary. Following a
2 few conferences with the Court, most parties understand the Court's approach to discovery
3 and can move forward with an efficient resolution of the case. The parties in this case placed
4 15 discovery calls to the Court, with most calls involving multiple issues. The calls subsided
5 only after the Court finally warned the parties that it would begin imposing attorneys' fees
6 in every dispute. *See* Dkt. #297.

7 During the course of discovery, counterdefendants Best Western and members of its
8 board of directors filed a motion for summary judgment on the counterclaims asserted by
9 James Dial. Filings in connection with this motion totaled more than 1,119 pages. *See* Dkt.
10 ##200-01, 287-94, 296, 323-25, 337. The Court entered an order on May 12, 2008, granting
11 the motion in part and denying it in part. Dkt. #342. The order eliminated Dial's claims for
12 abuse of process, breach of fiduciary duty against all directors except Roman Jaworowicz,
13 and aiding and abetting abuse of process. *Id*. The only claims that remained were intentional
14 interference based on a relatively brief removal of Dial's hotel from the Best Western
15 reservation system and breach of fiduciary duty against director Jaworowicz. *See* Dkt. #90.

16 The Court assumed that litigation excesses would end once discovery was completed.
17 The Court was wrong. The parties filed 6,497 pages of material in connection with
18 Defendants' motion for summary judgment. The Court considered rejecting these excessive
19 filings, but concluded that summary judgment was likely the primary battleground for the
20 parties. The Court decided it could best assist the parties in resolving this case by wading
21 into their arguments and providing a reasoned decision. On September 5, 2008, the Court
22 entered a 25-page order. Dkt. #414. The order substantially reduced the size and complexity
23 of this case as well as the damages sought by Plaintiff. On a count-by-count basis, the order
24 had the following effect:

25 Count 1:      Breach of contract against the Dials and Unruh – **eliminated** with
26                respect to Nidrah Dial, **eliminated** with respect to the use of Best
27                Western equipment and disclosure of Best Western confidential
28                information, **remains** with respect to the use of Best Western name on

|   |   |   |
|---|---|---|
| | | website. |
| Count 2: | | Breach of contract against governor bloggers – **moot** because Best Western named no governor bloggers as defendants. |
| Count 3: | | Breach of implied covenant against the Dials and Unruh – **eliminated**. |
| Count 4: | | Breach of implied covenant against governor bloggers – **moot** because Best Western named no governor bloggers as defendants. |
| Count 5: | | Breach of implied contract against the Dials and Unruh – **eliminated**. |
| Count 6: | | Breach of implied contract against governor bloggers – **moot** because Best Western named no governor bloggers as defendants. |
| Count 7: | | Breach of fiduciary duty against governor bloggers – **moot** because Best Western named no governor bloggers as defendants. |
| Count 8: | | Defamation against all Defendants – **eliminated** with respect to 50 statements made or published by Defendants and any statements Defendants did not create or develop; **remains** with respect to 13 statements purportedly made by the Dials. |
| Count 9: | | Tortious interference against all Defendants – **eliminated**. |
| Count 10: | | Tortious interference with contract against Furber – **eliminated**. |
| Damages: | | Excessive member termination damages **eliminated**, outside counsel fees **eliminated**, employee time and out-of-pocket expenses **remain**. |

As a result of these rulings, only four relatively modest claims remain: Plaintiff's claim for breach of contract based on use of the Best Western name on the website, Plaintiff's claim for defamation against the Dials with respect to 13 blog entries (entries that clearly were not the primary focus of discovery or the summary judgment motions), Dial's claim for intentional interference based on being dropped briefly from the reservation system, and Dial's breach for fiduciary duty claim against director Jaworowicz. Compared to the case as it was originally pled and litigated, only a fraction of the claims and damages remain.

The Court assumed that the case would settle or be tried in a relatively simple proceeding. The Court again was wrong. On October 15, 2008, the parties filed 2,939 pages

of material. These include a 125-page joint proposed final pretrial order, 31 motions in limine, and three longer motions that should have been motions in limine.[1] In a remarkable feat of microscopic dissection, the parties sliced four modest claims into 51 separate factual disputes and 30 issues of law. Plaintiffs listed 52 potential witnesses and Defendants listed 69. Plaintiff listed 434 exhibits (with 175 pages of objections to Defendants' exhibits), and Defendants listed 320 exhibits (with 63 pages of objections to Plaintiff's exhibits). The parties claim the need for 102 hours of trial time, which would require a five-week trial.

These filings are wasteful in the extreme. The Court is not a forum for the parties to expend every possible dollar seeking to litigate every conceivable issue, no matter how insubstantial. The Court will no longer tolerate the excesses of this case.

**IT IS ORDERED:**

1. All motions filed on October 15, 2008 (Dkt. ##426-428, 437-438, 440, 442-462, 465-467, 469-471) are **denied**.

2. Trial in this matter shall be limited to 24 hours, 12 hours for Plaintiff and 12 hours for Defendant. Opening and closing statements, direct examination, and cross-examination shall be counted against the parties' allotted time.

3. On or before **November 7, 2008**, the parties shall file a joint proposed final pretrial order no longer than 30 pages in length that complies fully with the Court's local rules on type size and pagination. The proposed order shall identify no more than 10 factual issues to be resolved at trial.

3. The parties shall be limited to five motions in limine per side, not to exceed three pages in length. The parties are advised that *any* motion filed in advance of trial is deemed to be a motion in limine. The parties should confer before filing motions in limine to see if the subject of the motion is truly in dispute.

---

[1] The parties seem to think that motions that do not seek to limit evidence are not motions in limine subject to the Court's three-page limit. "In limine" is a Latin phrase meaning "at the outset." It is not restricted to motions seeking to limit evidence, and includes any matter presented before trial for the Court's resolution. Parties may not exceed the Court's three-page limit without first obtaining permission from the Court.

If any party files a motion that the Court finds to be unnecessary, or a response that clearly lacks merit, the Court will award sanctions.

4. The final pretrial conference scheduled for **November 5, 2008 at 4:30 p.m.** is **vacated** and **reset** to **November 21, 2008 at 2:30 p.m.**

5. Prior to trial, the Court will require the parties, **with all clients present**, to meet with a magistrate judge at the courthouse for a settlement conference.

DATED this 20th day of October, 2008.

_David G. Campbell_
United States District Judge