**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Best Western International, Inc., a non-profit Arizona corporation,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>John Doe, et al.,<br><br>　　　　　Defendants. | No. CV-06-1537-PHX-DGC<br><br>**ORDER SETTING TRIAL** |

A Final Pretrial Conference was held on November 21, 2008. Counsel appeared on behalf of Plaintiff and Defendants. On the basis of the parties' written submissions and the hearing,

**IT IS HEREBY ORDERED:**

1. Trial in this matter shall begin on **March 9, 2009, at 9:00 a.m.**

2. The trial shall last **5** days (March 9-13, 2009). Plaintiff shall be allotted **12** hours of trial time and Defendants shall be allotted **12** hours of trial time. The Court will keep track of each side's time. Opening and closing statements, direct examination, and cross-examination shall be counted against the parties' allotted time.

3. A final conference will be held on **March 5, 2009, at 4:30 p.m.** in Courtroom 603, Sandra Day O'Connor Federal Courthouse, 401 West Washington Street, Phoenix, Arizona 85003. Out-of-state counsel may participate by telephone.

4. The parties' proposed final pretrial order was approved by the Court as the final pretrial order in this case. The order shall govern the presentation of evidence and other

trial issues, and, pursuant to Rule 16(e) of the Federal Rules of Civil Procedure, shall be modified only to prevent manifest injustice. Evidence, objections, legal arguments, and relief not requested or identified in the order shall not be available at trial, except to prevent manifest injustice.

5. The Court addressed Best Western's motion in limine no. 1. Dkt. #485. The Court took the motion under advisement.

6. The Court addressed Best Western's motion in limine no. 2. Dkt. #486. The Court took the motion under advisement.

7. The Court addressed Best Western's motion in limine no. 3. Dkt. #494. Defendants have represented that they will use exhibits 794, 874, 876, 926-29, 931-33 and the testimony of Mr. Cosgrove solely for impeachment. Because impeachment evidence need not be disclosed under the federal rules, Best Western's motion will be **denied** with respect to this evidence. The Court advised Defendants, however, that evidence qualifies for impeachment only if the subject matter of the evidence is solely relevant for impeachment. This test will be applied to any evidence Defendants seek to use for impeachment purposes.

The Court took the motion under advisement with respect to exhibit 971, the assignment of claims to Mr. Dial. The relevancy of this exhibit will be considered in connection with Best Western's motion in limine no. 1. If the Court concludes that standing has been established by the assignment, Best Western may nonetheless assert evidentiary objections to the admission of the assignment at trial.

Defendants stated that they did not intend to call any witnesses identified in Best Western's motion other than witnesses Cosgrove, Dorris, Quenneville, and West. Mr. Cosgrove has been addressed above. The Court will **grant** the motion with respect to witnesses Dorris, Quenneville, and West. These witnesses were not timely disclosed by Defendants, and Best Western's disclosure of these witnesses does not satisfy Defendants' disclosure obligation. Moreover, the Court concludes that the failure to disclose was not substantially justified or harmless. *See* Fed. R. Civ. P. 37(c)(1).

1      8.    The Court addressed Best Western's motion in limine no. 4. Dkt. #489. The Court **denied** the motion reasons for stated on the record.

2      9.    The Court addressed Best Western's motion in limine no. 5. Dkt. #490. Best Western seeks to preclude Defendant Dial's damages computations which allegedly were not disclosed during discovery.

    a.    In his tortuous interference claim, Mr. Dial seeks to recover damages from Best Western for the removal of his hotel from the Best Western reservation system for four days in December of 2006. Best Western contends that Mr. Dial failed to disclose the amount of his damages during the discovery period. In response, Mr. Dial argues that his wife, Nidrah Dial, provided damages testimony during her deposition on February 15, 2008. The Court has reviewed that testimony. It does not disclose a damages computation or amount. Mr. Dial contends that his wife testified that the hotel lost 20 reservations as a result of the tortuous interference, but this is not what she said. Mrs. Dial testified that "[t]here is absolutely no way on earth that I could . . . say, yes, we lost 20 reservations." Dkt. #512-2 at page 4 of 10. Although Mrs. Dial testified that customers were lost during the four-day period, she provided no information from which Best Western could identify the damages claimed by Mr. Dial. Mr. Dial asserts that he provided an affidavit with information concerning damages in response to Best Western's motion for summary judgment, but this affidavit was provided after the close of discovery. Because Mr. Dial failed to comply with his obligation to produce a computation of damages and supporting information as required by Rule 26(a)(1)(A)(iii) of the Federal Rules of Civil Procedure, and because the Court cannot conclude that the failure was substantially justified or harmless, the Court will **grant** Best Western's motion with respect to Mr. Dial's damages on the tortuous interference claim. *See* Fed. R. Civ. P. 37(c)(1).

    b.    With respect to his claim for breach of fiduciary duty against Mr. Jaworowicz, Mr. Dial seeks to recover the attorneys' fees he has incurred in this litigation. Best Western complains that such damages were never timely disclosed as damages. In response, Mr. Dial asserts that he disclosed during discovery that he would be seeking to

- 3 -

1  recover attorneys' fees and costs. Mr. Dial cites to his amended counterclaim, but the
2  counterclaim merely includes attorneys' fees in the prayer for relief at the end of the
3  document. *See* Dkt. #90 at 10 ¶ D. This standard-form request for attorneys' fees did not
4  advise Best Western that Dial was seeking to recover the fees as part of the damages on his
5  fiduciary duty claim. Similarly, Mr. Dial cites to his initial disclosure statement which, under
6  the category of a Rule 26 damages computation, stated:

> On his counterclaim, H. James Dial seeks compensatory and actual damages in the amount to be proven at trial. In addition, Mr. Dial seeks punitive damages, reasonable costs and attorney's fees in bring [sic] the counterclaim. With respect to those damages than [sic] can be calculated, if any, BWI [sic] will supplement these disclosures after a reasonable opportunity to conduct discovery.

11  Dkt. #500 at page 10 of 49.

12  This disclosure does not reveal that Mr. Dial is seeking attorneys' fees as part of the
13  damages on his fiduciary duty claim. To the contrary, Mr. Dial states that he will be seeking
14  "compensatory and actual damages in the amount to be proven at trial," and, *in addition*, will
15  seek to recover his reasonable costs and attorneys' fees. Such a statement suggests that the
16  attorneys' fees are separate from the damages Mr. Dial would seek to recover at trial. The
17  disclosure would lead a reasonable reader to conclude that Mr. Dial would be seeking
18  attorneys' fees in a post-trial proceeding, as is usually the case.

19  Mr. Dial further asserts that he advised Best Western during settlement talks that he
20  sought to recover his attorneys' fees, but such a demand is common in settlement discussions.
21  It does not disclose that attorneys' fees were a component of the compensatory damages Mr.
22  Dial sought to recover on the tortious interference claim.

23  The Court concludes that Mr. Dial failed to disclose the computation of and support
24  for his damages claim as required by Rule 26(a)(1)(A)(iii). As this disclosure was not made
25  during the course of discovery, Best Western was denied an opportunity to conduct discovery
26  concerning the claim. The Court concludes that the failure was not substantially justified or
27  harmless, and therefore will **grant** the motion to exclude evidence in support of Mr. Dial's
28  attorneys' fees damages claim. *See* Fed. R. Civ. P. 37(c)(1).

1    10.  The Court addressed Defendants' motion in limine no. 1.  Dkt. #479.
2 Defendants claim that Best Western should be precluded from introducing evidence
3 concerning the 13 remaining posts at issue in the defamation claim because these posts suffer
4 from the same defects as the 50 posts disposed of at summary judgment.  This is an untimely
5 motion for summary judgment.  Defendants further argue that Best Western cannot lay
6 foundation for five of the 13 posts.  The Court cannot conclude, however, on the basis of the
7 motions in limine, that the foundation for these posts will be insufficient.  That is a matter
8 that must be addressed at trial.  The Court will **deny** Best Western's motion in limine no. 1.

9    11.  The Court addressed Defendants' motion in limine no. 2.  Dkt. #480.  For
10 reasons stated on the record, the Court **denied** the motion.

11    12.  The Court addressed Defendants' motion in limine no. 3.  Dkt. #481.  The
12 Court provided the following guidance.  Only evidence concerning the 13 posts at issue in
13 the defamation claim will be permitted as part of the defamation claim.  The 50 posts that
14 have been eliminated by summary judgment may not be admitted into evidence in the
15 defamation claim.  With respect to the breach of contract claim, Best Western may present
16 evidence showing that its marks were used on the blog, but this claim will not be used to
17 place before the jury a variety of posts designed to show that Defendants were acting
18 improperly.  The final pretrial order notes that Defendants used Best Western marks in
19 approximately 25 posts.  These posts will be relevant to the claim.  To the extent Best
20 Western seeks to prove that its marks were used in 1,000 posts, it may have a witness testify
21 directly about that fact, but all of the posts will not be admitted into evidence.  The Court
22 concludes that the risks of undue delay and unfair prejudice substantially outweigh the
23 marginal relevance of the numerous posts.  *See* Fed. R. Ev. 403.  Best Western contends that
24 the nature of the posts may be relevant to rebut Defendant Dial's suggestion that Mr.
25 Jaworowicz breached his fiduciary duty.  The Court will address such issues during trial.
26 With this guidance in place, the Court will **deny** Defendants' motion in limine no. 3.

27    13.  The Court addressed Defendants' motion in limine no. 4.  Dkt. #482.  The
28 motion is moot with respect to 2005 faxes and other events.  With respect to Ms. Schloemer,

- 5 -

1 the Court **denied** the motion – it will consider permitting her to testify if the Francis letter is used by Defendants for impeachment purposes and the Court concludes that it is admissible. The Court **granted** the motion with respect to Mr. Gibson's proposed testimony about the pre-suit blog investigation. His testimony on that topic was not timely disclosed, and the Court concludes that Defendants' failure to disclose it was not substantially justified or harmless. *See* Fed. R. Civ. P. 37(c)(1).

14. The Court addressed Defendants' motion in limine no. 5. Dkt. #483. The Court **denied** the motion as an untimely motion for summary judgment.

15. The Court provided the parties with proposed preliminary jury instructions and voir dire questions. These instructions and questions will be addressed at the final conference to be held on **March 5, 2009 at 4:30 p.m.**

DATED this 26th day of November, 2008.

David G. Campbell
United States District Judge