1  **WO**

2

3

4

5

6                    **IN THE UNITED STATES DISTRICT COURT**

7                       **FOR THE DISTRICT OF ARIZONA**

8

9

10   Best Western International, Inc., a non-      )   No. CV-06-1537-PHX-DGC
     profit Arizona corporation,                  )
11                                                 )
                    Plaintiff,                     )   **ORDER**
12                                                 )
     vs.                                           )
13                                                 )
                                                   )
14   James Furber, an Internet website            )
     administrator; James and Nidrah Dial,        )
15   Internet website bloggers and Members        )
     of Best Western International, Inc.;          )
16   Loren Unruh, an Internet website blogger      )
     and Member of Best Western                    )
17   International, Inc., and Gayle Unruh,          )
                                                   )
18                  Defendants.                    )
                                                   )
19   _____          )
                                                   )
20   H. James Dial, an individual,                 )
                                                   )
21                  Counterclaimant,               )
                                                   )
22   vs.                                           )
                                                   )
23   Best Western International, Inc., a            )
     non-profit Arizona corporation; and           )
24   Roman Jaworowicz,                             )
                                                   )
25                  Counterdefendants.             )
                                                   )
26   _____          )

27

28

1    A Final Pretrial Conference was held on November 21, 2008.   The Court took under

2    advisement Best Western's motions in limine nos. 1 and 2.  Dkt. ##485-86.  For reasons

3    stated below, the Court will deny the motions.

4    **I.    Motion In Limine No. 1.**

5    In count two of his counterclaim, James Dial asserts a claim for intentional

6    interference with contractual expectancy against Best Western.  Dkt. #90 ¶¶ 60-63.  Dial

7    alleges that he operates the Best Western Greentree Inn in Clarksville, Indiana, that Best

8    Western improperly removed the Inn from its reservation system in December 2006, and that

9    the Inn "lost patrons and Jim Dial suffered harm."  *Id.* ¶¶ 46-55.

10    The Greentree Inn is owned by Greentree Investors, LLC, a Kentucky limited liability

11    company.  Dial is a member of Greentree Investors.  Citing *EMI Ltd. v. Bennett*, 738 F.2d

12    994, 996 (9th Cir. 1984), Best Western contends that Dial lacks standing to bring count two

13    because any harm caused by the loss of hotel guests was suffered directly by Greentree

14    Investors, not Dial, and mere personal economic injury resulting from the alleged wrong to

15    Greentree Investors is not sufficient to establish standing.  Dkt. #485 at 2.

16    Best Western misconstrues the basis for Dial's tortious interference claim.  Pursuant

17    to the operating agreement of Greentree Investors, Dial serves as the manager of the

18    Greentree Inn and receives a management fee equal to 3% of gross revenue from hotel room

19    sales.  Dkt. #508  §§ 10.1(c), 10.3.  Dial therefore has an individual stake in the sales revenue

20    of the Greentree Inn  separate and apart from his economic interest as a member of Greentree

21    Investors.

22    Best Western's reliance on *EMI* is misplaced.  In that case, the only possible injury

23    was the diminution in value of EMI's holdings in its subsidiary corporation.  738 F.2d at 996.

24    EMI, unlike Dial in this case, was not "injured directly and independently of the

25    corporation."  *Id.* at 997; *see Va. Sur. Co. v. Northrop Grumman Corp.*, 144 F.3d 1243, 1246

26    (9th Cir. 1998); *see also Orgain v. City of Salisbury*, 521 F. Supp. 2d 465, 476 (D. Md. 2007)

27    (members of limited liability company had standing to assert claims "for emotional distress

28    and for financial losses personal to them"); *Gas Tech. Inst. v. Rehmat*, 524 F. Supp. 2d 1058,

1067 (N.D. Ill. 2007) (plaintiff had standing where it alleged "an injury distinct from any injury suffered by the limited liability company itself").

The Court will deny Best Western's motion in limine no. 1.  Given this ruling, the Court need not address Dial's argument that he has standing to assert a tortious interference claim on behalf of Greentree Investors.  *See* Dkt. #508 at 2-3.

## II.    Motion In Limine No. 2.

Best Western is a non-profit member corporation.  Dkt. #491 ¶ 1.  Dial is the voting member of the Greentree Inn.  *Id.* ¶ 7; *see* Dkt. #339-26 at 2.  Dial alleges in count three that by deciding to proceed with this lawsuit, Director Jaworowicz "breached [his] fiduciary duty to Jim Dial, causing harm to Jim Dial."  Dkt. #90 ¶¶ 31-34, 66.

Directors of a non-profit corporation generally "are in a fiduciary relationship with the stockholders or members of that corporation, and there is a duty of fair dealing with that membership." *Hatch v. Emery*, 400 P.2d 349, 353 (Ariz. Ct. App. 1965); *see Mann v. GTCR Golder Rauner, L.L.C.*, 483 F. Supp. 2d 884, 892 (D. Ariz. 2007).[1]  Citing *Funk v. Spalding*, 246 P.2d 184, 223 (Ariz. 1952), Best Western contends that Dial lacks standing to bring count three because any harm caused by Jaworowicz's alleged breach of fiduciary duty was suffered by the Best Western membership as a whole, not just by Dial.  Dkt. #486 at 3-6.  But Dial has made clear that he seeks to recover his own damages and is not seeking redress for any impairment of a corporate right.  Dkt. ##491 at 10, 509 at 3.

As a member of Best Western, Dial "'may sue as an individual where he is directly and individually injured although the corporation may also have a cause of action for the same wrong.'"  *Funk*, 246 P.2d at 223; *see Albers v. Edelson Tech. Partners L.P.*, 31 P.3d 821, 826 (Ariz. Ct. App. 2001).  Because Dial asserts that he has suffered individual harm as a result of the alleged breach of fiduciary duty (*see* Dkt. #90 ¶ 66), count three is a direct action against Best Western and Dial therefore has standing to bring the claim.  *See id.*  The Court will deny Best Western's motion in limine no. 2.

---

[1]Best Western's argument that no fiduciary duty is owed to Dial (Dkt. #486 at 4 n.4) is an untimely motion for summary judgment and therefore will not be considered.

1      **IT IS ORDERED** that Best Western's motion in limine no. 1 (Dkt. #485) and motion

2  in limine no. 2 (Dkt. #486) are **denied**.

3      DATED this 2nd day of December, 2008.

4

5

6  _____

7              David G. Campbell
          United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28